Filed 6/16/21  P. v. Harris CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>KENNETH LEE HARRIS,<br><br>Defendant and Appellant. | F079745<br><br>(Super. Ct. No. CF91445056)<br><br>**OPINION** |

---

### THE COURT*

APPEAL from a judgment of the Superior Court of Fresno County.  Arlan L. Harrell, Judge.

Derek K. Kowata, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Catherine Chatman and Michael Dolida, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

\*       Before Hill, P.J., Detjen, J. and Peña, J.

## INTRODUCTION

In 1994, a jury convicted petitioner Kenneth Lee Harris of first degree felony murder (Pen. Code,[1] § 187), with the special circumstance that petitioner was engaged in the commission of a robbery at the time the murder was committed (§§ 190.2, subd. (a)(17), 211).[2] For this offense, he was sentenced to a term of life without the possibility of parole.

In 2019, petitioner filed a petition for resentencing pursuant to section 1170.95. However, the form petition was incomplete, in that petitioner failed to check the necessary boxes stating that he could not be convicted of first or second degree murder under current law, he was not a major participant in the underlying felony who acted with reckless indifference to human life, and the victim of the murder was not a peace officer in the performance of his duties. The trial court summarily denied the petition with prejudice on the ground petitioner was a major participant in the underlying felony who acted with reckless indifference to human life and was therefore ineligible for resentencing.

On appeal from the court's denial of his resentencing petition, petitioner asserts the petition should have been denied without prejudice to his refiling a petition that checked the boxes he previously left incomplete. The People contend a remand to allow petitioner to file a completed petition is unnecessary because petitioner is ineligible for resentencing as a matter of law. We agree with the People, and we affirm.

## FACTUAL AND PROCEDURAL HISTORY

On May 4, 1994, a jury convicted petitioner of first degree murder (§ 187; count one), with a special circumstance that petitioner was engaged in the commission of a robbery (§§ 190.2, subd. (a)(17), 211); attempted murder (§§ 187, 664; count two); and

---

[1] Undesignated statutory references are to the Penal Code.

[2] Petitioner also was convicted of additional offenses, as described below.

robbery (§§ 211, 212.5, subd. (b); count three). As to each count, the jury found petitioner personally used a firearm. (§ 12022.5, subd. (a).) As to counts two and three, the jury found petitioner inflicted great bodily injury upon the victims. (§ 12022.7.) In bifurcated proceedings, petitioner admitted he suffered one prior prison term.[3] (§ 667.5, subd. (b).) On count one, the court sentenced petitioner to life without the possibility of parole. On count two, the court sentenced petitioner to a determinate term of 17 years. Sentence on the remaining counts and enhancements was imposed and stayed pursuant to section 654.[4]

On January 10, 2019, petitioner filed a petition for resentencing pursuant to section 1170.95. In the form petition, petitioner stated that a complaint, information, or indictment was filed against him that allowed him to be prosecuted under a theory of felony murder; he was convicted of first or second degree murder at trial; and he was not the actual killer and did not act with an intent to kill. However, petitioner did not mark the box stating, "I could not now be convicted of 1st or 2nd degree murder because of changes made to Penal Code §§ 188 and 189, effective January 1, 2019," a box which the form petition described as necessary for resentencing eligibility. Nor did petitioner mark the box indicating he was not a major participant in the felony or did not act with reckless indifference to human life, or the box indicating the victim of the murder was not a peace officer in the performance of his or her duties.

On March 11, 2019, the People filed an opposition, noting petitioner's defective service of the petition and arguing the jury's finding on the robbery-murder special circumstance precluded him from making a prima facie showing that his conviction falls

---

[3] However, this enhancement was eventually stricken as not having been proved.

[4] According to the probation report, the convictions arose out of an incident in which petitioner shot and wounded one individual, and his codefendant shot and killed another individual, during the course of a robbery. Petitioner's codefendant is not a party to this appeal.

within the provisions of section 1170.95. In a separate motion to dismiss, the People argued section 1170.95 was unconstitutional. On April 8, 2019, the court denied the petition without prejudice due to defective service. The court's order did not note that petitioner had failed to check certain boxes necessary for establishing he fell within the provisions of section 1170.95.

On May 10, 2019, petitioner filed a second petition for resentencing pursuant to section 1170.95. Once again, petitioner failed to mark the box stating, "I could not now be convicted of 1st or 2nd degree murder because of changes made to Penal Code §§ 188 and 189, effective January 1, 2019," the box indicating he was not a major participant in the felony or did not act with reckless indifference to human life, and the box indicating the victim of the murder was not a peace officer in the performance of his or her duties.

On July 2, 2019, the court summarily denied the petition as follows:

> "The Court is in receipt of Petition for Resentencing filed May 10, 2019. The petition is denied with prejudice. Petitioner . . . has failed to make a prima facie showing that he falls within the provisions of . . . section 1170.95. The condition set out at [section] 1170.95[, subdivision ](a)(3) does not apply. As a major participant in the crime of robbery who acted with deliberate indifference to human life, Petitioner is not eligible for resentencing. [¶] Petition is denied."

This timely appeal followed.

## DISCUSSION

### I. Senate Bill No. 1437 (2017-2018 Reg. Sess.) and Section 1170.95

" 'Effective January 1, 2019, Senate Bill [No.] 1437 amended murder liability under the felony-murder and natural and probable consequences theories.' " (*People v. Daniel* (2020) 57 Cal.App.5th 666, 672, review granted Feb. 24, 2021, S266336 (*Daniel*).) The bill accomplished this task by adding three separate provisions to the Penal Code. (*People v. Gentile* (2020) 10 Cal.5th 830, 842 (*Gentile*).) First, to amend the natural and probable consequences doctrine, " '[t]he bill redefined malice under section 188 to require that the principal acted with malice aforethought. Now, "[m]alice

4.

shall not be imputed to a person based solely on his or her participation in a crime."
(§ 188, subd. (a)(3).)' " (*Daniel*, at p. 672; accord, *Gentile*, at pp. 842-843.)  Second, to
amend the felony-murder rule, the bill added section 189, subdivision (e):

> "A participant in the perpetration or attempted perpetration of [qualifying
> felonies] in which a death occurs is liable for murder only if one of the
> following is proven:  [¶]  (1) The person was the actual killer.  [¶]  (2) The
> person was not the actual killer, but, with the intent to kill, aided, abetted,
> counseled, commanded, induced, solicited, requested, or assisted the actual
> killer in the commission of murder in the first degree.  [¶]  (3) The person
> was a major participant in the underlying felony and acted with reckless
> indifference to human life, as described in subdivision (d) of Section
> 190.2."[5]  (§ 189, subd. (e); accord, *Gentile*, at p. 842.)

Finally, the bill "added section 1170.95 to provide a procedure for those convicted of
felony murder or murder under the natural and probable consequences doctrine to seek
relief under the two ameliorative provisions above." (*Gentile*, at p. 843.)

"Section 1170.95 lays out a process for a person convicted of felony murder or
murder under a natural and probable consequences theory to seek vacatur of his or her
conviction and resentencing.  First, the person must file a petition with the trial court that
sentenced the petitioner declaring, among other things, that the petitioner 'could not be
convicted of first or second degree murder because of changes to Section 188 or 189.'
(§ 1170.95, subd. (a)(3); see § 1170.95, subd. (b)(1)(A).)  Then, the trial court must
'review the petition and determine if the petitioner has made a prima facie showing that
the petitioner falls within the provisions of th[e] section.'  (§ 1170.95, subd. (c).)  If so,
the trial court must issue an order to show cause and hold a hearing to determine whether
to vacate the murder conviction and to resentence the petitioner on any remaining counts.
(§ 1170.95, subds. (c), (d)(1).)  At the hearing, the prosecution must 'prove, beyond a
reasonable doubt, that the petitioner is ineligible for resentencing.'  (§ 1170.95,

---

[5]     Additionally, section 189 was amended to allow for felony-murder liability where
the victim is a peace officer.  (§ 189, subd. (f); accord, *Daniel*, *supra*, 57 Cal.App.5th at
p. 672, review granted.)

subd. (d)(3).)  'The prosecutor and the petitioner may rely on the record of conviction or offer new or additional evidence to meet their respective burdens.'  (*Ibid.*)"  (*Gentile*, *supra*, 10 Cal.5th at p. 853.)

"Since Senate Bill [No.] 1437 was adopted and its mechanism for retroactive application has come into play through the filing of section 1170.95 petitions, many questions have arisen about that process and percolated up through appeals from resentencing decisions."  (*People v. Duchine* (2021) 60 Cal.App.5th 798, 811, fn. omitted.)  Those questions pertain primarily to section 1170.95, subdivision (c) (hereinafter sometimes referred to as "subdivision (c)"), which "addresses the procedure by which a trial court determines whether the petitioner is entitled to an evidentiary hearing."  (*People v. Cooper* (2020) 54 Cal.App.5th 106, 114, review granted Nov. 10, 2020, S264684 (*Cooper*).)  Section 1170.95, subdivision (c) provides in full:

> "The court shall review the petition and determine if the petitioner has made a prima facie showing that the petitioner falls within the provisions of this section.  If the petitioner has requested counsel, the court shall appoint counsel to represent the petitioner.  The prosecutor shall file and serve a response within 60 days of service of the petition and the petitioner may file and serve a reply within 30 days after the prosecutor['s] response is served.  These deadlines shall be extended for good cause.  If the petitioner makes a prima facie showing that he or she is entitled to relief, the court shall issue an order to show cause."

Courts of Appeal are divided on several questions arising under subdivision (c). Relevant here, the Courts of Appeal are split regarding when the right to counsel arises under subdivision (c).  Our Supreme Court has granted review to decide this question. (See *People v. Lewis* (2020) 43 Cal.App.5th 1128, review granted Mar. 18, 2020, S260598 (*Lewis*).)  In the meantime, a court has held that the right to counsel attaches immediately upon the filing of a facially sufficient petition that includes all the information required under section 1170.95, subdivision (b). (*Daniel*, *supra*, 57 Cal.App.5th at p. 673, review granted; *Cooper*, *supra*, 54 Cal.App.5th at pp. 109, 114,

6.

review granted.) That court construed the first sentence of subdivision (c) to state a general rule, with the rest of the subdivision establishing a process for complying with that rule: " 'Appoint counsel, if requested. Wait for the prosecutor's required response and the petitioner's optional reply. If the petitioner makes a prima facie showing, issue an order to show cause.' " (*Cooper*, at p. 115.)

Other courts have read the two references to a "prima facie showing" in the first and fifth sentences of subdivision (c) as requiring two different prima facie reviews – one to determine whether the petitioner "falls within the provisions" of the statute and one to determine whether the petitioner is "entitled to relief" – with each review to occur at a different chronological point in time. (*Lewis*, *supra*, 43 Cal.App.5th at p. 1140, review granted; see *People v. Verdugo* (2020) 44 Cal.App.5th 320, 328-333, review granted Mar. 18, 2020, S260493.) Under this reading of the statute, courts have concluded that a petitioner is entitled to counsel (as well as the other procedures provided for under subd. (c)) only after the trial court determines the petitioner has made the threshold showing required to satisfy the first prima facie review. (*Lewis*, at p. 1140; *Verdugo*, at p. 332.)

Courts of Appeal also are divided on the question of whether a trial court may look beyond a facially sufficient petition to determine whether a defendant has made a prima facie showing that he or she falls within the provisions of the statute. Our Supreme Court also granted review to decide this question in *Lewis*, *supra*, 43 Cal.App.5th 1128. In the meantime, some courts have held that a trial court may examine the petition, as well as the court's own files, the record of conviction, or an appellate court opinion from the petitioner's direct appeal. (*Lewis*, at p. 1138, review granted; see *People v. Verdugo*, *supra*, 44 Cal.App.5th at p. 333, review granted.) Another court has held that a trial court may not rely on the record of conviction to deny a facially sufficient petition, and instead may only rely on the record of conviction to deny a petition "*after* deeming it facially sufficient, appointing counsel, and receiving briefing from the parties." (*Daniel*, *supra*,

7.

57 Cal.App.5th at p. 677, review granted; see *Cooper*, *supra*, 54 Cal.App.5th at pp. 125-126, review granted.)

## II.    Remand is Unnecessary Because Petitioner is Ineligible for Resentencing

Petitioner contends the trial court erred by denying his petition with prejudice, rather than denying the petition without prejudice and allowing him to amend the petition by checking the boxes necessary to present a facially sufficient petition for resentencing. He asks that we remand and order the trial court to deny the petition without prejudice to petitioner filing a new petition. The People contend remand is unnecessary because, even if the court erred in denying the petition with prejudice, petitioner is ineligible for resentencing as a matter of law based on the special circumstance finding that the murder was committed during the commission of the robbery. We agree with the People.

Section 189, as amended by Senate Bill No. 1437 (2017-2018 Reg. Sess.), now permits a felony-murder conviction only when specified facts relating to the defendant's individual culpability have been proved. Among such circumstances, a felony-murder conviction is permissible if the defendant was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of section 190.2. (§ 189, subd. (e).) Here, the jury found true a felony-murder special circumstance pursuant to section 190.2, subdivision (a)(17), which imposes a sentence of death or life without the possibility of parole for a murder committed during the commission, or attempted commission, of a robbery. (§ 190.2, subd. (a)(17).) To make such a finding, the jury was required to find that petitioner acted "with reckless indifference to human life and as a major participant" in aiding or abetting the commission of the underlying felony. (§ 190.2, subd. (d); *People v. Gutierrez-Salazar* (2019) 38 Cal.App.5th 411, 419.) In other words, "[t]he language of the special circumstance tracks the language of Senate Bill [No.] 1437 and the new felony-murder statutes." (*Gutierrez-Salazar*, at p. 419.) Thus, by finding the special circumstance true, the jury made the requisite findings necessary to sustain a felony-murder conviction

8.

under the amended law.  Petitioner is therefore ineligible for resentencing under section 1170.95 as a matter of law, and no purpose would be served by remanding to allow him to amend his petition.

Petitioner does not contest that the special circumstance finding renders him ineligible for resentencing under section 1170.95.**6**  Rather, he argues we may not make this determination, which relies on the record of conviction, when our Supreme Court has not yet resolved whether it is permissible to rely on the record of conviction in determining whether a petitioner has made a prima facie showing that he is eligible for relief pursuant to section 1170.95.  He additionally points out that he was not appointed

---

**6**    On April 23, 2021, petitioner filed a notice of new authorities (Cal. Rules of Court, rule 8.254), alerting the court to additional authorities he contends are "relevant to the sole argument in [petitioner's] opening and reply briefs."  The cited cases hold that a special circumstance finding, standing alone, does not establish ineligibility for resentencing relief under section 1170.95, due to our Supreme Court's intervening decisions in *People v. Banks* (2015) 61 Cal.4th 788 and *People v. Clark* (2016) 63 Cal.4th 522.  (*People v. Secrease* (2021) 63 Cal.App.5th 231, 256; *People v. Harris* (2021) 60 Cal.App.5th 939, 958, review granted Apr. 28, 2021, S267802; *People v. York* (2020) 54 Cal.App.5th 250, 258, review granted Nov. 18, 2020, S264954; *People v. Smith* (2020) 49 Cal.App.5th 85, 93, review granted July 22, 2020, S262835; *People v. Torres* (2020) 46 Cal.App.5th 1168, 1179, review granted June 24, 2020, S262011.)  A contrary line of authority, not cited by petitioner, has rejected this contention.  (*People v. Nunez* (2020) 57 Cal.App.5th 78, 92, review granted Jan. 13, 2021, S265918; *People v. Jones* (2020) 56 Cal.App.5th 474, 478-479, review granted Jan. 27, 2021, S265854; *People v. Allison* (2020) 55 Cal.App.5th 449, 458; *People v. Galvan* (2020) 52 Cal.App.5th 1134, 1142, review granted Oct. 14, 2020, S264284; *People v. Gomez* (2020) 52 Cal.App.5th 1, 13, fn. 5, review granted Oct. 14, 2020, S264033.)  Our Supreme Court has granted review to decide the issue.  (*People v. Strong* (Dec. 18, 2020, C091162) [nonpub. opn.], review granted Mar. 10, 2021, S266606.)

Petitioner has presented no argument on this point and, in any event, we find more persuasive those cases, which have held that a special circumstance finding precludes relief as a matter of law because *Banks* and *Clark* merely clarified the law as it stood at the time petitioner was convicted.  (See, e.g., *People v. Allison*, *supra*, 55 Cal.App.5th at p. 458; *People v. Gomez*, *supra*, 52 Cal.App.5th at p. 13, fn. 5, review granted.)

counsel, as required pursuant to section 1170.95, subdivision (c), prior to the denial of his petition.

As indicated above, the issue of whether the trial court may consider the record of conviction in determining whether a petitioner has made a prima facie showing of eligibility for relief under section 1170.95 is currently pending before our Supreme Court. (*Lewis*, *supra*, 43 Cal.App.5th 1128, review granted.) In the meantime, however, the Courts of Appeal appear to be in an agreement that, at the very least, the trial court may rely on the record of conviction to "deny a petition *after* deeming it facially sufficient, appointing counsel, and receiving briefing from the parties" (*Daniel*, *supra*, 57 Cal.App.5th at p. 677, review granted), particularly where the court's review of that record is "limited to readily ascertainable facts from the record (such as the crime of conviction), rather than factfinding involving the weighing of evidence or the exercise of discretion . . . ." (*People v. Drayton* (2020) 47 Cal.App.5th 965, 980.) We therefore consider the record of conviction in determining whether petitioner was prejudiced by the court's summary denial of his petition.

To demonstrate prejudice from the denial of a section 1170.95 petition before the issuance of an order to show cause, the petitioner bears the burden of showing it is reasonably probable that, absent error, his or her petition would not have been summarily denied without an evidentiary hearing. (See *Daniel*, *supra*, 57 Cal.App.5th at p. 676, review granted; see also *People v. Watson* (1956) 46 Cal.2d 818, 836.) Because the special circumstance finding establishes that petitioner is ineligible for resentencing relief as a matter of law, petitioner would not have been able to demonstrate he was eligible for resentencing, even if he was afforded an opportunity to refile his petition. Thus, even if we were to assume the trial court committed a procedural error in denying the petition with prejudice or in failing to appoint counsel, such error would be harmless. (*Daniel*, at p. 677; accord, *People v. Law* (2020) 48 Cal.App.5th 811, 826, review granted July 8, 2020, S262490 [any error in failing to appoint counsel was harmless because counsel

would not have been able to demonstrate petitioner was eligible for resentencing]; *People v. Edwards* (2020) 48 Cal.App.5th 666, 675, review granted July 8, 2020, S262481 [any error in failing to appoint counsel was harmless because petitioner did not fall within the provisions of § 1170.95 as a matter of law].)

Accordingly, petitioner has failed to establish he was prejudiced by the summary denial of his petition.

## **DISPOSITION**

The order is affirmed.